STATE OF INDIANA            )       IN THE JOHNSON COUNTY SUPERIOR COURT
                            ) SS:
COUNTY OF JOHNSON           )       CAUSE NO. _____

PAUL GIBSON and PATRICIA GIBSON,  )
                                  )
       Plaintiff,                )
                                  )
vs.                               )
                                  )
SUMMIT TREESTANDS, LLC,           )
THE OUTDOORSMAN, INC. d/b/a THE   )
OUTDOORSMAN SPORT SHOP, and       )
DICK'S SPORTING GOODS, INC.       )
                                  )
       Defendants.              )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiffs, Paul Gibson and Patricia Gibson, and for their cause of action against the Defendants, Summit Treestands, LLC ("Summit"), The Outdoorsman, Inc. d/b/a The Outdoorsman Sport Shop ("The Outdoorsman"), and Dick's Sporting Goods, Inc. ("Dick's") hereby states as follows:

## PARTIES

1. Plaintiffs, Paul Gibson and Patricia Gibson, reside together as husband and wife in Martinsville, Indiana in Morgan County.

2. Defendant, Summit, is a Foreign Limited Liability Company incorporated in the State of Delaware with its principal place of business located at 5724 Highway 280 E., Birmingham, Alabama 35242.

3. Defendant, The Outdoorsman, is a Domestic For-Profit Corporation incorporated in the State of Indiana with its principal place of business located at 1010 S. State Road 135, Greenwood, Indiana 46143.

1

4. Defendant, Dick's, is a Foreign For-Profit Corporation incorporated in the State of Delaware with its principal place of business located at 345 Court Street, Coraopolis, Pennsylvania 15108. The Dick's store related to this incident is located at 338 City Center Circle, Plainfield, Indiana 46168.

5. Summit is a company that designs, manufactures, sells and distributes hunting equipment, including Summit Viper Elite SD tree stands.

6. The Outdoorsman is a company that sells and distributes hunting equipment, including Summit Viper Elite SD tree stands.

7. Dick's is a sporting goods company that sells and distributes hunting equipment, including Summit Viper Elite SD tree stands.

## FACTS

8. Plaintiffs reincorporate and reallege paragraphs one (1) through seven (7) as set forth fully herein.

9. Plaintiff Paul Gibson purchased a Summit Viper Elite SD tree stand ("The Tree stand") from The Outdoorsman in Greenwood, Indiana or the Dick's Sporting Goods store in Plainfield, Indiana.

10. On November 21, 2021, Plaintiff Paul Gibson was hunting at Camp Atterbury Military Training Base on Mt. Moriah Road in Columbus, Indiana. Paul properly set up the tree stand in a tree at this location and positioned himself in the stand for the purposes of hunting.

11. After descending the tree, Plaintiff Paul Gibson attempted to step out of the Tree Stand and his left foot slipped into a gap in the base of the deer stand.

12. With his left foot caught in the Tree Stand at the base of the tree, Plaintiff Paul Gibson lost his balance and fell over causing a severe left ankle fracture requiring multiple surgical repairs.

13. At this time, Plaintiff Paul Gibson, still continues to suffer the effects of his shattered ankle from the fall and the complications that developed as a result of his injuries.

## COUNT I – SUMMIT'S DEFECTIVE MANUFACTURE

14. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through thirteen (13) as set forth fully herein.

15. Defendant, Summit, was the manufacturer, designer, distributor, seller, or supplier of the Tree Stand that caused the personal injury to Plaintiff Paul Gibson.

16. The Tree Stand that Summit manufactured, designed, sold, distributed, supplied, and/or placed into the stream of commerce was expected to and did reach the user/consumer without alterations or changes.

17. The Tree Stand that Summit manufactured, sold, distributed, supplied, and/or placed into the stream of commerce was defective when it left the hands or control of Summit, in that the Tree Stand was defectively designed as the foreseeable risks associated with its design exceeded the benefits associated with its use and unreasonably dangerous to an ordinary user, posing a serious risk of injury or harm.

18. Plaintiff, Paul Gibson, was in the class of person that Defendant, Summit, should have foreseen as being subject to harm caused by the defective Tree Stand it sold.

19. The Tree Stand was defective in manufacture and construction when it left Summit's hands in that the Tree Stand was unreasonably dangerous to an ordinary user or

3

consumer and posed a serious risk of injury or death, including but not limited to defects in the Tree Stand's base with too large of a gap that would permit a user's foot to become trapped.

20. As a direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff Paul Gibson suffered severe and permanent injuries, incurred hospital and medical bills, endured considerable pain and suffering, lost wages, and will continue to suffer such damages in the future.

21. As a further direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff, Patricia Gibson, has lost the services and consortium of her spouse, Paul Gibson.

## COUNT II – SUMMIT'S DEFECTIVE DESIGN

22. The Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through twenty-one (21) herein by reference.

23. The Tree Stand was defective in design in that when it left Summit's hands, the foreseeable risks of the product exceeded the benefits associated with its design.

24. The foreseeable risks associated with the design of the Tree Stand include, but are not limited to, a base with too large of a gap that would permit a user's foot to become trapped, creating a product more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

25. Summit failed to use reasonable care in designing and developing the Tree Stand so as to avoid creating an unreasonable risk of harm to users such as the Plaintiff, Paul Gibson.

26. As a direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff Paul Gibson suffered

severe and permanent injuries, incurred hospital and medical bills, endured considerable pain and suffering, lost wages, and will continue to suffer such damages in the future.

27. As a further direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff, Patricia Gibson, has lost the services and consortium of her spouse, Paul Gibson.

## COUNT III – SUMMIT'S FAILURE TO WARN

28. Plaintiffs reassert, reincorporate and reallege paragraphs one (1) through twenty-seven (27) as set forth fully herein.

29. The Tree Stand was defective due to inadequate warnings and instructions and was unreasonably dangerous to the ordinary user or consumer.

30. The Tree Stand and/or the Tree Stand's manuals contained no information or warnings of the danger presented by the gap in the base of the Tree Stand which permits a user's foot to become trapped.

31. Summit knew or should have known that their product and product manuals created significant risks of serious bodily harm and death to users such as Plaintiff Paul Gibson.

32. The Tree Stand was defective due to inadequate post-marketing and/or post-sale warning or instruction and was unreasonably dangerous to the ordinary user or consumer because after Summit knew or should have known of the risks of serious bodily harm and death from the use their product, they failed to provide an adequate warning to consumers.

33. As a direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff Paul Gibson suffered severe and permanent injuries, incurred hospital and medical bills, endured considerable pain and suffering, lost wages, and will continue to suffer such damages in the future.

34. As a further direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by Summit, Plaintiff, Patricia Gibson, has lost the services and consortium of her spouse, Paul Gibson.

### COUNT IV – SUMMIT'S NEGLIGENCE

35. Plaintiffs reassert, reincorporate and reallege paragraphs one (1) through thirty-four (34) as set forth fully herein.

36. Summit had a duty to exercise reasonable care in the design, manufacture, warnings, marketing, and sale of the Tree Stand.

37. Summit failed to exercise reasonable care in the following ways:

    a. Failing to design the Tree Stand fit to be reasonably safe for ordinary users;

    b. Failing to design the Tree Stand in such a way as to eliminate the risk of the gap in the base of the Tree Stand;

    c. Failing to detect defects in design, manufacture, and construction of the Tree Stand;

    d. Failing to properly warn of the dangers that the Tree Stand posed to ordinary users; and

    e. Failing to properly provide proper directions or instructions to ordinary users to safely and reasonably use the Tree Stand.

38. As a direct and proximate result of the negligence of Defendant, Summit, Plaintiff Paul Gibson, suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish, and will continue to incur such damages in the future.

39. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, Patricia Gibson, has lost the services and consortium of her spouse, Paul Gibson.

## **COUNT V – OUTDOORSMAN AND DICK'S SELLER LIABILITY**

40. Plaintiffs reassert, reincorporate and reallege paragraphs one (1) through thirty-nine (39) as set forth fully herein.

41. Defendants, The Outdoorsman or Dick's, sold or distributed the Tree Stand that caused the personal injury to Plaintiff Paul Gibson who was a foreseeable user of the product.

42. The Tree Stand that The Outdoorsman or Dick's sold and distributed was placed into the stream of commerce and was expected to and did reach the user without alterations or changes.

43. The Outdoorsman or Dick's sold or distributed the Tree Stand in a defective condition, either by defective manufacture, defective design, and/or defective warnings.

44. The Tree Stand was defective when it left the Outdoorsman's or Dick's hands with the foreseeable risks of the product exceeding the benefits associated with its design.

45. The foreseeable risks associated with the design of the Tree Stand include, but are not limited to, a base with too large of a gap that would permit a user's foot to become trapped, creating a product more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

46. The Tree Stand was defective due to inadequate warnings and instructions and was unreasonably dangerous to the ordinary user or consumer.

47. The Tree Stand and/or the Tree Stand's manuals contained no information or warnings of the danger presented by the gap in the base of the Tree Stand which permits a user's foot to become trapped.

48. The Outdoorsman or Dick's were negligent in selling or distributing the Tree Stand in a defective condition and failing to warn Plaintiff Paul Gibson of the danger posed by the gap in the base of the Tree Stand.

49. Plaintiff, Paul Gibson, was in the class of person that Defendants, The Outdoorsman or Dick's, should have foreseen as being subject to harm caused by the dangerously designed Tree Stand it sold.

50. As a direct and proximate result of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by the Outdoorsman or Dick's, Plaintiff Paul Gibson suffered severe and permanent injuries, incurred hospital and medical bills, endured considerable pain and suffering, lost wages, and will continue to suffer such damages in the future.

51. As a further direct and proximate result of the of the ordinary and foreseeable use of the Tree Stand, which was placed into the stream of commerce by the Outdoorsman or Dick's and as result of the Outdoorsman or Dick's negligence and carelessness, Plaintiff, Patricia Gibson, has lost the services and consortium of her spouse, Paul Gibson.

**COUNT VI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY OF DEFENDANTS SUMMIT, THE OUTDOORSMAN, AND DICK'S**

52. Plaintiffs reassert, reincorporate and reallege paragraphs one (1) through fifty-one (51) as set forth fully herein.

53. The Uniform Commercial Code as identified in Indiana Code § 26-1-2, et seq., applies to Plaintiff, Paul Gibson's, purchase of the Tree Stand manufactured by Summit and sold to him by The Outdoorsman or Dick's.

54. Pursuant to Indiana Code Indiana Code § 26-1-2-314, when Plaintiff Paul Gibson purchased the Tree Stand manufactured by Summit and sold to him by The Outdoorsman or Dick's, an implied warranty of merchantability attached to the sale.

55. Defendants, Summit, The Outdoorsman, or Dick's breached its implied warranty of merchantability in one or more of the following ways:

    a. Selling, distributing, transporting and/or manufacturing a defectively designed Tree Stand;

    b. Selling, distributing, transporting and/or manufacturing a Tree Stand that did not adequately warn of the risks and hazards associated with the use of the Tree Stand; and

    c. Selling, distributing, transporting and/or manufacturing a dangerous Tree Stand that presented a great risk of harm to a potential user.

56. As a direct and proximate cause of Defendants', Summit, The Outdoorsman or Dick's, breach of its implied warranty of merchantability, Plaintiff Paul Gibson, suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish and will continue to incur such damages in the future.

57. Plaintiff, Paul Gibson, seeks all damages available to him under Indiana Code § 26-1-2-715.

### COUNT VII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OF DEFENDANTS THE OUTDOORSMAN AND DICK'S

58. Plaintiffs reassert, reincorporate and reallege paragraphs one (1) through fifty-seven (57) as set forth fully herein.

9

59. The Uniform Commercial Code as identified in Indiana Code § 26-1-2, et seq., applies to Plaintiff Paul Gibson's purchase of the Tree Stand at the Outdoorsman located at 1010 S. State Road 135, Greenwood, Indiana 46143 or Dick's located at 338 City Center Circle, Plainfield, Indiana 46168.

60. At the time of sale of the Tree Stand, Plaintiff Paul Gibson was in privity of contract with The Outdoorsman and/or Dick's.

61. Pursuant to Indiana Code § 26-1-2-315, when Plaintiff Paul Gibson purchased the Tree Stand sold by The Outdoorsman and/or Dick's, an implied warranty of fitness for a particular purpose attached to the sale.

62. At the time of the sale of the Tree Stand, The Outdoorsman or Dick's, knew or had reason to know that the Tree Stand would be used by Plaintiff Paul Gibson and that Paul was relying on The Outdoorsman's and/or Dick's skill and judgment to provide a tree stand that was free of any defects and was safe for ordinary use.

63. The Outdoorsman or Dick's breached its implied warranty of fitness for a particular purpose when it sold the Tree Stand to Plaintiff Paul Gibson with defects and in a dangerous condition, which resulted in his personal injury.

64. The Tree Stand purchased by Plaintiff Paul Gibson from The Outdoorsman or Dick's was not fit for the particular purpose for which it was bought.

65. As a direct and proximate cause of The Outdoorsman's or Dick's breach of its implied warranty of fitness for a particular purpose, Plaintiff Paul Gibson suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish and will continue to incur such damages in the future.

66. Plaintiff Paul Gibson seeks all damages available to him under Indiana Code § 26-1-2-715.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Paul Gibson and Patricia Gibson, pray for judgment against the Defendants, Summit Treestands, LLC, The Outdoorsman, Inc. d/b/a The Outdoorsman Sport Shop and Dick's Sporting Goods, Inc., in an amount that will fully and fairly compensate the Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and all other relief that is just and proper in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

*/s/Christopher G. Stevenson*
Christopher G. Stevenson
Attorney No. 24689-49
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail cstevenson@wkw.com
*Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiff, by counsel, and hereby requests that this matter be tried by a jury.

> Respectfully submitted,
>
> WILSON KEHOE WININGHAM LLC
>
> */s/Christopher G. Stevenson*_____
> Christopher G. Stevenson
> Attorney No. 24689-49
> WILSON KEHOE WININGHAM LLC
> 2859 North Meridian Street
> Indianapolis, IN 46208
> Tel (317) 920-6400
> Fax (317) 920-6405
> E-mail cstevenson@wkw.com
> *Attorney for Plaintiffs*